**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KIMBALY BROWN,<br><br>　　Plaintiff,<br><br>vs.<br><br>FINANCIAL RECOVERY SERVICES, INC.,<br><br>　　Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

　　Plaintiff Kimbaly Brown ("Brown" or "Plaintiff") files this Complaint against Defendant Financial Recovery Services, Inc., ("FRS" or "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and alleges, upon personal knowledge as to their own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

　　1.　　The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to personal bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

　　2.　　Plaintiff, by her attorneys, brings this action to challenge the actions of Defendant with regard to its attempts to unlawfully and abusively collect a debt alleged owed by Plaintiff,

which conduct caused Plaintiff actual damages, including out-of-pocket damages and severe emotional distress.

3. Plaintiff makes these allegations on information and belief, except for those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While the Complaint describes violations with specificity below, this Complaint alleges violations of the FDCPA in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in New York.

6. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain reasonable procedures adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION & VENUE

8. Original subject matter jurisdiction is valid in the U.S. District Court pursuant to 28 U.S.C. § 1331 because this case arises out of Defendant's violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiff has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within this judicial district.

10. Venue is also proper in the U.S. District Court, Eastern District of New York,

pursuant to 28 U.S.C. § 1391(b) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

11. Plaintiff is a natural person who, for all times relevant hereto, has resided in Brooklyn, New York.

12. Upon information and belief, Defendant is a corporation incorporated under the laws of Minnesota with its headquarters in Edina, Minnesota. Plaintiff further alleges that, at all times relevant, Defendant conducted business within the state of New York and in this Judicial District.

## FACTUAL ALLEGATIONS

13. Sometime prior to August 2019, Plaintiff is alleged to have incurred a debt on a consumer account with Credit One Bank, N.A., in the amount of $1,043.10 (the "Debt").

14. Sometime after August 2019, Plaintiff allegedly fell behind on the payments owed on the Debt, and the Debt was transferred from Credit One Bank, N.A. to Defendant for collection. Thereafter, Defendant began contacting Plaintiff in an attempt to collect the Debt.

15. On or around March 15, 2021, Defendant sent Plaintiff a collection letter via mail in an attempt to collect the Debt from Plaintiff.

16. On or around April 8, 2021, Plaintiff sent Defendant a letter via fax disputing the Debt, demanding validation, verification and proof of the Debt Defendant claimed was owed by Plaintiff ("Dispute").

17. Defendant provided no response to Plaintiff's Dispute and never provided Plaintiff with the requested validation, verification and/or proof of the Debt.

18. On May 17, 2021, Defendant sent Plaintiff another collection letter via mail, requesting payment of the Debt and offering Plaintiff a payment arrangement.

19. Plaintiff has not received any validation, verification, and/or proof of the Debt from Defendant.

20. Upon information and belief, Defendant has failed to send Plaintiff any validation, verification, and/or proof of the Debt.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§1692, et seq.

21. Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of the Complaint as thought fully stated herein.

22. Defendant never provided Plaintiff with the requested validation, verification and/or proof of the Debt and continued to send Plaintiff collection letters in an attempt to collect on the Debt.

23. The purpose of the collection letters was to cause confusion, fear, anxiety, and embarrassment in Plaintiff; to induce Plaintiff to make payments to Defendant; and to collect on an alleged Debt that Defendant cannot legally pursue.

24. The false statements regarding the Debt did in fact cause Plaintiff to suffer embarrassment, fear, and anxiety, which Plaintiff would not have experienced but for the false statements and representations made in the collection letters.

25. As a party who was allegedly obligated to pay a debt, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26. Defendant, in the ordinary course of business, regularly, on behalf of themselves

or others, collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another party, Credit One Bank N.A. and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

27. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reasons of a consumer credit transaction. As such, this action arises out a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

28. Defendant's collection letters to Plaintiff constitute a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

29. Based on the foregoing, Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff by continuing collection activities without providing Plaintiff with validation, verification, and/or proof of the Debt and in complete disregard to Plaintiff's Dispute.

30. Defendant violated 15 U.S.C §§ 1692e and 1692e(10) by continuously attempting to collect upon an alleged debt from Plaintiff through the use of false representations or deceptive means without providing Plaintiff with validation, verification, and/or proof of the Debt and in complete disregard to Plaintiff's Dispute.

31. Section 1692g(b) of the FDCPA states in pertinent part that "[i]f the consumer notifies the debt collector in writing within [a] thirty-day period . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original credit, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment . . .."

32. Here, Defendant violated 15 U.S.C. § 1692g(b) by continuing its attempts at collecting Plaintiff's alleged Debt without first obtaining verification of the Debt after Plaintiff

had sent it a Dispute within thirty days of at least one of Defendant's collection attempts.

33. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing and willful violation in an amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant, to 15 U.S.C. § 1692k(a)(3) from Defendant.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

//

//

//

//

//

//

//

//

//

//

//

//

//

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

- Finding that Defendant's conduct violated the 15 U.S.C. §§1692, et seq. and granting an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant.

- Granting an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant.

- Granting an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

- Awarding any and all other relief that this Court deems just and proper.

Respectfully submitted,

Dated: New York, New York
April 29, 2022

**KAZEROUNI LAW GROUP, A.P.C.**

By: *s/ Ross H. Schmierer*
Ross H. Schmierer, Esq.
48 Wall Street, Suite 1100
New York, NY 10005
Phone: (800) 400-6808
Fax: (800) 520-5523
ross@kazlg.com

*Attorneys for Plaintiff*